IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL LEE JENKINS,**

   Plaintiff,

 vs.            Civil Action 2:14-cv-2339
                 Judge Marbley
                 Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

   Defendant.

### REPORT AND RECOMMENDATION

**I. Background**

  This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits.  This matter is before the Court for consideration of *Plaintiff's Statement of Errors* ("*Statement of Errors*"), Doc. No. 11, and the Commissioner's *Memorandum in Opposition* ("*Commissioner's Response*"), Doc. No. 14.

  Plaintiff Michael Lee Jenkins filed his application for benefits on February 4, 2011, alleging that he has been disabled since December 1, 2009.  *PAGEID* 169-77.  The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

  An administrative hearing was held on April 17, 2013, at which plaintiff, represented by counsel, appeared and testified, as did Olen J. Dodd, who testified as a vocational expert.  *PAGEID* 49, 65.  In a

decision dated June 17, 2013, the administrative law judge concluded that plaintiff was not disabled from December 1, 2009, through the date of the administrative decision. *PAGEID* 49-60. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on September 25, 2014. *PAGEID* 34-37.

Plaintiff was 52 years of age on the date of the administrative decision. *See PAGEID* 60, 171. Plaintiff was last insured for disability insurance purposes on December 31, 2014. *PAGEID* 51. Plaintiff has a limited education, is able to communicate in English, and has past relevant work as tree trimmer helper and hand packager. *PAGEID* 58. He has not engaged in substantial gainful activity since December 1, 2009, the alleged disability onset date. *PAGEID* 51.

**II. Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of degenerative disc disease with spinal stenosis, obesity, adjustment disorder, alcohol abuse, and borderline intellectual functioning. *PAGEID* 51. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform medium work as defined in 20 CFR 404.1567(c) except he can understand, remember and carry out simple tasks; can respond appropriately to occasional interaction with coworkers, supervisors, and the general public; can make simple work-related decisions; and can respond appropriately to occasional changes in the work setting. In addition, the claimant works best in an environment that does not require reading or writing.

2

*PAGEID* 51-54. Relying on the testimony of the vocational expert, the administrative law judge found that this RFC does not preclude the performance of plaintiff's past relevant work as a tree trimmer helper and hand packager. *PAGEID* 58. The administrative law judge also relied on the testimony of the vocational expert to find, alternatively, that plaintiff is able to perform a significant number of jobs in the national economy, including such representative jobs as truck washer, box bender, and mold filler. *PAGEID* 58-59. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from December 1, 2009, through the date of the administrative decision. *PAGEID* 59.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of*

3

*Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In his *Statement of Errors*, plaintiff first argues that the hypothetical question posed by the administrative law judge to the vocational expert did not accurately portray plaintiff's moderate limitations in maintaining concentration, persistence, or pace. *Statement of Errors*, pp. 7-10. "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). "Hypothetical questions, however, need only incorporate those limitations which the [administrative law judge] has accepted as credible." *Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2010) (citing *Casey v. Sec. of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

The administrative law judge found, at steps two and three of the sequential evaluation process, that plaintiff had moderate

4

difficulties with regard to concentration, persistence, or pace. *PAGEID* 52. These limitations, as noted by the administrative law judge, "are not a residual functional capacity assessment," but are nevertheless reflected in the RFC determination. *PAGEID* 52-53. The administrative law judge then found that plaintiff has the RFC to

> perform medium work as defined in 20 CFR 404.1567(c) except he can understand, remember and carry out simple tasks; can respond appropriately to occasional interaction with coworkers, supervisors, and the general public; can make simple work-related decisions; and can respond appropriately to occasional changes in the work setting. In addition, the claimant works best in an environment that does not require reading or writing.

*PAGEID* 51-54. The administrative law judge asked the vocational expert to assume a claimant with plaintiff's vocational profile who is limited to

> lift[ing] 50 pounds occasionally, 25 pounds frequently, can stand and walk six hours in an eight hour day. This individual can understand, remember and carry out simple tasks, can respond appropriately to occasional interaction with coworkers, supervisors and the general public, can make simple work related decisions and respond appropriately to occasional changes in the work setting. The individual works fast[1] in an environment that does not require reading and writing.

*PAGEID* 79. The vocational expert responded that such a claimant could perform plaintiff's past relevant work as a tree trimmer helper and packager. *Id*.

Plaintiff argues that the hypothetical posed to the vocational expert is deficient because it did not include the moderate limitation

---

[1] The Commissioner argues that the reference to "works fast" is a "scrivener's error" and that the word "fast" should have been "best." *Commissioner's Response*, p. 4. Plaintiff's *Statement of Errors* does not take issue with this portion of the hypothetical question posed to the vocational expert.

5

in concentration, persistence, and pace found by the administrative law judge. *Statement of Errors*, pp. 7-10. Referring to *Ealy,* 594 F.3d 504, plaintiff specifically argues that the limitations found by the administrative law judge in the RFC determination and posed in the hypothetical question to the vocational expert do not include limitations for pace or speed. *Statement of Errors*, pp. 7-10.  In this regard, plaintiff notes that the administrative law judge assigned "great weight" to the opinion of Joseph W. Edwards, Ph.D, who opined that plaintiff cannot work in a fast-paced work environment, *see PAGEID* 57, but failed to include such a limitation in her hypothetical question to the vocational expert.  *Statement of Errors* at pp. 8-9.

As discussed *supra*, a vocational expert's testimony in response to a hypothetical question can serve as substantial evidence only if the question accurately portrays the claimant's physical and mental impairments.  *Ealy*, 594 F.3d at 516.  In *Ealy*, the administrative law judge "relied on the vocational expert's testimony in response to a hypothetical question that stated, in relevant part, 'assume this person is limited to simple, repetitive tasks and instructions in non-public work settings.'" *Id*. at 517.  The administrative law judge had expressly found that the plaintiff could work for two-hour segments and that speed of performance could not be critical to his job, but had failed to include that limitation in the hypothetical posed to the vocational expert.  *Id*. at 516.  The United States Court of Appeals for the Sixth Circuit remanded the case because the hypothetical

6

failed to adequately describe the claimant's moderate difficulties with regard to concentration, persistence or pace. *See id*. (citing *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930-31 (E.D. Mich. 2005) (finding that a hypothetical limiting the claimant to "jobs entailing no more than simple, routine, unskilled work" is not adequate to convey a moderate limitation in ability to concentrate, persist, and keep pace) ("Plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job."); *Whack v. Comm'r of Soc. Sec.*, No. 06-4917, 2008 U.S. Dist. LEXIS 14083, at *8 (E.D. Pa. Feb. 26, 2008) (citing cases for the proposition that hypothetical restrictions of "simple" or "low-stress" work do not sufficiently incorporate the claimant's medically established limitations where the claimant has moderate deficiencies in concentration, persistence, or pace)).

The Court notes, initially, that "several post-*Ealy* decisions declined to adopt a bright line rule that a limitation to 'simple repetitive tasks' in an RFC and hypothetical to the VE is not adequate to address a claimant's moderate impairment as to concentration, persistence, and pace." *Horsley v. Comm'r of Soc. Sec.*, No. 1:11-CV-703, 2013 WL 55637, at *8 (S.D. Ohio Jan. 3, 2013) *report and recommendation adopted Horsley v. Comm'r of Soc. Sec.*, No. 1:11-CV-703, 2013 WL 980315 (S.D. Ohio Mar. 13, 2013)).  However, it is significant that the administrative law judge in this case did not limit plaintiff to "simple repetitive tasks;" rather, the administrative law judge limited plaintiff to performing "simple

7

tasks." *PAGEID* 53. As the Sixth Circuit noted in *Ealy*, hypothetical restrictions to "simple" work may not sufficiently incorporate a claimant's medically established limitations where, as here, the claimant has moderate deficiencies in concentration, persistence, or pace. *Ealy*, 594 F.3d at 516-17 (citing *Whack*, 2008 U.S. Dist. LEXIS 14083 at *8).

The Commissioner notes plaintiff's argument "that the ALJ should have included a limitation regarding 'fast-paced work,'" and responds by simply stating that "[t]he ALJ did include such limitations in his controlling hypothetical to the VE (Tr. 46)." *Commissioner's Response*, p. 5. This is simply not so.[2] Neither the administrative law judge's RFC determination nor her hypothetical question posed to the vocational expert contains a limitation to pace, let alone regarding "fast-paced work." *See PAGEID* 53-54, 79. This is significant because, although the administrative law judge assigned "great weight" to Dr. Edwards' medical opinion "that the claimant cannot work in a fast-paced work environment," *PAGEID* 57, she failed to include such a limitation in the RFC determination and hypothetical question to the vocational expert. The administrative law judge

---

[2] The only hypothetical appearing on "Tr. 46" reads as follows: "[C]onsider an individual with the claimant's age, education and work history. This individual can lift 50 pounds occasionally, 25 pounds frequently, can stand and walk six hours in an eight hour day. This individual can understand, remember and carry out simple tasks, can respond appropriately to occasional interaction with coworkers, supervisors and the general public, can make simple work related decisions and respond appropriately to occasional changes in the work setting. The individual works fast [sic] in an environment that does not require reading and writing." This is, as noted, the RFC ultimately found by the administrative law judge.

8

offered no explanation for failing to include this limitation in plaintiff's RFC determination.

In short, the administrative law judge expressly found that plaintiff is moderately impaired in the areas of concentration, persistence, or pace, and assigned great weight to a medical opinion that plaintiff "cannot work in a fast-paced work environment," yet failed to adequately address that limitation in her RFC assessment. The hypothetical posed to the vocational expert, and upon whose testimony the administrative law judge relied, did not fairly include all of the limitations actually found by the administrative law judge. Under these circumstances, it cannot be said that the decision of the administrative law judge is supported by substantial evidence.

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** to the Commissioner of Social Security for further proceedings consistent with the foregoing.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

9

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


June 19, 2015                              *s/Norah McCann King*
                                           Norah M$^c$Cann King
                                           United States Magistrate Judge